## 9593

### STALLINGS v. ATLANTIC LIFE INS. CO.

(91 S. E. 290.)

1. INSURANCE—ACTION ON LIFE POLICY—SUFFICIENCY OF EVIDENCE.—In action by beneficiary to recover on life policy, where insurer claimed premium received by it was paid and applied upon another policy, evidence *held* sufficient to submit the case to the jury.

2. APPEAL AND ERROR—REVIEW—DIRECTED VERDICT.—Where there was sufficient evidence to submit case to the jury, no additional grounds for sustaining a directed verdict can be considered on appeal unless shown that plaintiff could not in any event succeed.

Before SEASE, J., Lexington, November, 1915. Reversed.

Action by Thealus V. Stallings against the Atlantic Life Insurance Company. Judgment for defendant and plaintiff appeals.

*Messrs. Wm. W. Hawes* and *Melton & Sturkie,* for appellant, cite: *As to application of payment:* 96 S. C. 375. *Authority of agent:* 52 S. C. 228; 55 S. C. 589; 57 S. C. 16; 58 S. C. 201. *As to waiver:* 51 S. C. 540; 75 S. C. 225; 96 S. C. 375; 95 S. C. 1; 93 S. C. 88. *Issue for jury:* 80 S. C. 266; 98 S. C. 273. *Direction of verdict:* 101 S. C. 256. *Forfeitures not favored:* 97 S. C. 379.

*Messrs. C. M. Efird* and *Lyles & Lyles,* for respondent, cite: *As to self-serving declarations:* 75 S. C. 344. *Secondary evidence:* 79 S. C. 250, 253; 5 Rich. 373. *Parol evidence excluded:* 27 S.C. 380; 46 S. C. 372, 411; 24 S. C. 128; 102 S. C. 129, 138. *No evidence of waiver:* 95 S. C. 1.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a policy of life insurance on the life of Philip H. Stallings. Mr. Stallings took out two policies of insurance—one on his own life in favor of his wife; the other on the life of his wife. Mr. Stallings went to the agent of the defendant to pay premiums on a policy, and did arrange and pay it. The plaintiff claims that her husband directed the application of the payment to the policy

sued on, and the defendant claims the payment was on the other policy. Mr. Stallings died. The defendant refused payment, and this suit was brought. On the trial of the cause the presiding Judge directed a verdict for the defendant and from this ruling this appeal is taken.

1. There was sufficient evidence to carry the case to the jury. The exceptions practically raise one question, as stated by the appellant in her argument. The reason for sustaining appellant's contention is that there was sufficient evidence to carry the case to the jury. It would be manifestly unfair for this Court to comment on the facts further than to say there was some evidence to carry the case to the jury.

The respondent gives notice of additional grounds for sustaining the direction of the verdict. These grounds cannot be considered in a case tried by a jury, unless it is shown thereby that the plaintiff could not in any event succeed. This is not such a case. See *Bonham* v. *Bishop*, 23 S. C., page 96. This holding has been reaffirmed in many decisions recorded in subsequent reports.

The judgment is reversed.